koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 00-6309-CR-SEITZA(s)(s)(SEALED)

UNITED STATES OF AMERICA

    Plaintiff,

v.

DOREEN RUSSO

    Defendant.

_____/ DOB: _____ PRISONER # 63398-004

**ORDER ON INITIAL APPEARANCE**
Language __ENGLISH__
Tape No. 01C-__62-235__
AUSA __BRIAN McCORMICK__
Agent __Ron Wise__

The above-named defendant having been arrested on __8/21/01__ having appeared before the court for initial appearance on __8/21/01__ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon
**ORDERED** as follows:

1. __Jayne Weintraub__ appeared as permanent/temporary counsel of record.
   Address: __100 SE 2 St, # 3550, Miami, FL__
   Zip Code: __33131__  Telephone: __374-1818__

2. _____ appointed as permanent counsel of record.
   Address: _____
   Zip Code: _____  Telephone: _____

3. The defendant shall attempt to retain counsel and shall appear before the court at ~~10:00 A.M.~~ on __8/24/01__ __2:00 PM__, 2001.

4. Arraignment/Preliminary/Removal/Identity hearing is set for ~~10am~~ __2 PM__ __8/24__, 2001.

5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because __(OUT PER BOND)__ A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for __10am__, 2001.

6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:
   __$100,000 Personal Surety Bond__

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:

✓ a. Surrender all passports and travel document to the Pretrial Services Office.
✓ b. Report to Pretrial Services as follows: __2__ times a week by phone, __1__ time a week in person;
   other: __Remain SDFL__
__ c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
✓ d. Maintain or actively seek full time gainful employment.
__ e. Maintain or begin an educational program.
__ f. Avoid all contact with victims of or witnesses to the crimes charged.
__ g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
__ h. Comply with the following curfew: _____
__ i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
__ j. Comply with the following additional special conditions of this bond:

(stamp: NONE OF SIGNATORIES MAY SELL, PLEDGE, MORTGAGE, HYPOTHECATE, ENCUMBER, ETC. ANY PROPERTY THEY OWN, REAL OR PERSONAL, UNTIL BOND(S) ARE DISCHARGED)

This bond was set:   At Arrest _____
                     On Warrant _____
                     After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is _____
_____
_____

_____ If this space is checked, an evidentiary hearing pursuant to <u>United States v. Nebbia</u>, <u>357, F.2d 303 (2 Cir. 1966)</u> shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at Miami, Florida, this 21st day of August, 2001.

_____
UNITED STATES MAGISTRATE JUDGE
BARRY L. GARBER

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation