UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-SEITZ

**NIGHT BOX FILED**

NOV 19 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

STATE OF FLORIDA,

   Plaintiff,

v.

DOREEN RUSSO,

   Defendant.

## DOREEN RUSSO'S MOTION TO SEVER BASED ON MISJOINDER

The Defendant, DOREEN RUSSO, through counsel, respectfully moves this Honorable Court, pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure, to enter an order severing Counts 14 and 50-53 from all other Counts of the Superceding Indictment. In support, the Defendant states the following:

### I. INTRODUCTION

The government has filed a Superceding Indictment which charges Doreen Russo and eight (8) co-defendants in Count 14 with conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956 and 1957. Counts 50-53 of the Superceding Indictment charge Doreen Russo and three (3) co-defendants with money laundering in violation of 18 U.S.C. § 1957 by engaging in monetary transactions through a financial institution in criminally derived property of a value greater than $10,000. The essence of the

government's claim is that Doreen Russo agreed to and in fact conducted transactions knowing that the money came from an investment fraud operation in South Carolina. Despite the narrow and discrete allegation, the government has charged Doreen Russo alongside co-defendants allegedly involved in a complex RICO conspiracy and in other offenses unrelated to her. Under the circumstances, the law affords Doreen Russo the right to a separate trial which is limited to the money laundering allegations in Counts 14 and 50-53.

In Count 1, the Superceding Indictment charges John Mamone, Joseph Russo, Fred Morgenstern, David Morgenstern, Joseph Silvestri, Michael Buccinna, David Bell, John O'Sullivan, Mark Weiss, Mark Carattini, and Anson Klinger with conspiring to participate in a pattern of racketeering activity, including dealing in stolen goods, money laundering, bookmaking, interstate travel in aid of racketeering, obstruction of law enforcement, bank fraud, mail fraud, wire fraud, loansharking and obstruction of justice. In Count 2, John Mamone, Michael Buccinna, Mark Carattini, Anson Klinger and Charles Clay are charged with operating an illegal gambling business.

In Count 3, John Mamone, Frederick Scarola and Charles Clay are charged with conspiracy to obstruct law enforcement. In Counts 4 and 5, John Mamone, Joseph Russo, Michael Buccinna, David Bell, John O'Sullivan and Mark Weiss are charged with conspiracy to make extortionate extensions of credit and extortionate collection of credit, respectfully.

Doreen Russo stands unconnected to the offenses in Counts 1 through 5. Those counts involve separate people, acts, events and transactions. Doreen Russo had no knowledge of the offenses alleged in those counts. She did not agree to commit them.

-2-

Her alleged actions were separate, distinct and unrelated to those of the defendants named in those counts. Moreover, they shared no common scheme. Accordingly, forcing Doreen Russo to defend counts 14 and 50-53 alongside any other counts would create substantial prejudice and deprive her of a fair trial.

## II. MEMORANDUM OF LAW

The propriety of the joinder of counts is governed by Rule 8(a) of the Federal Rules of Criminal Procedure. It provides in its entirety as follows:

> (a) Joinder of Offenses. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

Fed. R. Crim. Pro. 8(a). Thus, joinder of offenses is permissible if the offenses (1) are of the same or similar character; (2) are based on the same act or transaction; or (3) are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan. Id.

A joinder analysis must be based on an examination of the allegations in the information. United States v. Dominguez, 226 F.3d 1235, 1238 (11th Cir. 2000). Although aimed at judicial economy, "there are definite limits to what the government can put together in a single indictment." United States v. LaBrunerie, 900 F. Supp. 1174, 1177 (W.D. Mo. 1995). For example, in United States v. Myers, 700 F. Supp. 1358 (D. N.J. 1988), the police stopped the defendants' truck and noticed suspicious boxes in its bed. Lacking a satisfactory explanation for the boxes and their contents, the police arrested the

-3-

defendants for obstruction of justice. They were soon released. One week later, upon confirming that the boxes were stolen, the defendants were charged with theft. As he surrendered, one defendant assaulted a federal officer. The court held that since the theft and assault charges did not arise out of the same act or transaction, they were improperly joined. Id. at 1365. It stated that "[n]either requires proving elements of the other and, in fact, they are based on entirely different sets of facts." Id.

In United States v. Randazzo, 80 F.3d 623, 628 (1st Cir. 1996), the court held that charges for misbranding shrimp were improperly joined with charges for filing false corporate tax returns. The court reasoned that it was "pure happenstance" that the defendant's overstatement of corporate expenses reduced illegal income from shrimp production. Id. at 628. There was no "common scheme or plan" and they were not of the "same or similar character." Id.

Likewise, in United States v. Halper, 590 F.2d 422, 429 (2d. Cir. 1978), the court held that joinder of Medicaid fraud and filing a false income tax return was not proper, where the government did not allege that the same funds were the subject of both sets of criminal activity. The court in United States v. Diaz-Munoz, 632 F.2d 1330 (5th Cir. 1980), came to the same conclusion. It held that tax charges were not properly joined with insurance fraud and embezzlement charges, since they were based on separate acts and the unreported income came from a separate source. Id. at 1336.

Turning to the Superceding Indictment in this case, joinder was equally improper. First, it seems that even the government would not contest that Doreen Russo's alleged money laundering and, for instance, bookmaking or obstruction of law enforcement lack the "same or similar character." Fed. R. Crim. Pro. 8(a). Other than being crimes, they

-4-

have little more in common than do misbranding shrimp and tax evasion. See Randazzo, 80 F.3d at 628.

Second, the money laundering which allegedly involved Doreen Russo was not "based on the same act or transaction" as, for example, the dealing in stolen goods, interstate travel or loansharking. Just like the unrelated assault and theft in Myers, "[n]either requires proving elements of the other and, in fact, they are based on entirely different sets of facts." 700 F. Supp. at 1365.

Finally, Doreen Russo's money laundering shares no common scheme or plan. If the facts and allegations were otherwise, she would have been charged as a participant in the RICO conspiracy of Count 1. She was not. Her alleged activity stands apart. She lacked knowledge and agreement.

In sum, defending Counts 14 and 50-53 alongside the unrelated conduct of her co-defendants would be an uphill battle, to say the least, resulting in substantial prejudice. Such a trial would create the grave danger that evidence would indiscriminately culminate in the minds of the jurors and that the jurors would misapply evidence of other counts to those of Doreen Russo. As well, absent a severance, this case presents the unique problem of Doreen Russo being punished for the alleged acts of her husband, Joseph Russo. Therefore, severance of Counts 14 and 50-53 from the other counts in the Superseding Indictment is essential.

BLACK, SREBNICK & KORNSPAN, P.A., 201 S. BISCAYNE BOULEVARD, SUITE 1300, MIAMI, FLORIDA 33131 ● (305) 371-6421

## III. CONCLUSION

WHEREFORE, the Defendant, Doreen Russo, through counsel, for the foregoing reasons and pursuant to Federal Rules of Criminal Procedure 8 and 14, respectfully move this Honorable Court to enter an order severing Counts 14 and 50-53 from the Superceding Indictment.

Respectfully submitted,

**BLACK, SREBNICK & KORNSPAN, P.A.**
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131

By: _____
**HOWARD M. SREBNICK, ESQ**
Florida Bar Number 919063
Counsel for Doreen Russo

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on __11/19__, 2001 a true and correct copy of the foregoing was furnished by mail to:

Brian McCormick, Esq. **(Overnight Mail)**
Assistant United States Attorney
500 East Broward Boulevard
7th Floor
Fort Lauderdale, Florida 33394-3002

Jayne Weintraub, Esq.
100 S.E. 2nd Street, Suite 3550
Miami, Florida 33131

John Howes, Esq.
633 S.E. 3rd Avenue, Suite 4F
Ft. Lauderdale, FL 33302

Ana M. Jones, Esq.
Bayside Plaza, Suite 625
330 Biscayne Boulevard
Miami, Florida 33132

Emmanuel Perez, Esq.
2121 Ponce de Leon Boulevard
Suite 290
Coral Gables, FL 33134-5222

Brian L. Tannebaum, Esq.
First Union Financial Center
200 South Biscayne Blvd., Suite 2690
Miami, Florida 33131

Jeffrey M. Harris, Esq.
One East Broward Boulevard
Suite 1500
Ft. Lauderdale, Florida 33301

Kenneth M. Swartz, Esq.
100 N. Biscayne Boulevard
21st Floor, New World Tower
Miami, Florida 33132

Philip R. Horowitz, Esq.
12651 S. Dixie Highway, Suite 328
Miami, Florida 33156

James Benjamin, Esq.
One Financial Plaza, Suite 1615
Ft. Lauderdale, FL 33394

Joseph S. Rosenbaum, Esq.
2400 South Dixie Highway, Suite 105
Miami, Florida 33133

David Tarlow, Esq.
801 Brickell Avenue, Suite 1901
Miami, Florida 33131-2900

Jon May, Esq.
200 East Broward Boulevard
Suite 1200
Ft. Lauderdale, FL 33301

David Rothman, Esq.
First Union Financial Center
200 South Biscayne Blvd.
Suite 2690
Miami, Florida 33131

By: ___for_ /s/_____
**HOWARD M. SREBNICK, ESQ.**
Attorney for Doreen Russo

BLACK, SREBNICK & KORNSPAN, P.A., 201 S. BISCAYNE BOULEVARD, SUITE 1300, MIAMI, FLORIDA 33131 ● (305) 371-6421