IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-Cr-Seitz

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JOSEPH RUSSO and DOREEN RUSSO,
et al,

        Defendants.
_____/

**NIGHT BOX FILED**

**DEC 0 3 2001**

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

## DEFENDANTS' JOINT MOTION TO DISMISS COUNTS 50-53 BECAUSE 18 U.S.C. § 1957 IS UNCONSTITUTIONAL AS APPLIED

The Defendants, Joseph and Doreen Russo, by and through undersigned counsel, and pursuant to the Due Process Clause of the Fifth Amendment to the United States Constitution and the further points and authorities set forth *infra*, hereby respectfully request that this Honorable Court enter an Order dismissing Counts 50-53 of the Second Superseding Indictment because 18 U.S.C. § 1957 is unconstitutional as applied to them. The following is set forth in support:

### INTRODUCTION

18 U.S.C. § 1957 makes it a Federal crime for any person to "knowingly engage[ ] or attempt[ ] to engage in a monetary transaction in criminally derived property that is of a value greater than $10,000 and is derived from specified

unlawful activity....". The statute requires that the defendant know that the property is "criminally derived," but it does not require that the defendant know that the property came from "specified unlawful activity". "Criminally derived property" is broadly defined as "any property constituting, or derived from, proceeds obtained from a criminal offense."

The defendants are charged in Counts 50-53 with four violations of § 1957, with the "specified unlawful activity" alleged as "mail fraud" and "wire fraud", from "a South Carolina based investment fraud" (hereinafter, "South Carolina fraud") actually committed by an individual named Virgil Womack and his associates.

According to the Government's theory, a small fraction of the proceeds of the South Carolina fraud were eventually transferred to a checking account in the name of defendant Doreen Russo. Defense counsel have participated in several conferences with the prosecution in an attempt to learn whether the Government possesses **any** direct evidence that either Russo had actual knowledge of the unlawful source of the funds, and we believe that there is no such evidence.

The specifics of each of the subject Counts are alleged as follows:

Count 50    January 12, 2000 wire transfer of Chemical Trust funds from Merrill Lynch account titled Check Cashing Unlimited into First Union Bank account in name of Doreen Russo ($100,000).

Count 51    January 12, 2000 negotiation of check payable to Linda DiCamillo from the First Union Bank account in name of Doreen Russo ($100,000).

Count 52    April 30, 2000 negotiation of check from Merrill Lynch account of J.M. & Son Enterprises, Inc. payable to Doreen Russo ($30,000).

Count 53    October 10, 2000 deposit of check payable to Doreen Russo into First Union National Bank account of Doreen Russo ($142,000).

Based upon our present understanding of the Government's case against the Defendants *vis a vis* Counts 50-53, it appears that 18 U.S.C. § 1957 suffers significant Constitutional infirmities **as applied** to the Russos, as discussed *infra*.

## MEMORANDUM OF LAW

In *United States v. Baker*, 19 F.3d 605 (11th Cir. 1994), the Eleventh Circuit upheld a constitutional challenge to § 1957 where "the government proved that defendants deposited into their bank accounts funds that they had derived **from their own criminal fraud activities**". In a footnote, the Court cautioned that "[o]ur ruling on the constitutionality of §1957 is limited to the facts of this case", and cited to *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982) for the proposition that in addressing a vagueness challenge, the "court should ... **examine the complainant's conduct** before analyzing other hypothetical applications of the law" (emphasis added).

*Sub judice*, it is abundantly clear that the funds in issue were **not** derived from **Doreen** Russo's criminal activities, and it also appears that there is no direct evidence tending to show knowledge on her part of the purported "criminal" nature of the funds. As to Defendant **Joseph** Russo, the Government has

3

represented to defense counsel that there is no evidence connecting him to any active involvement in the South Carolina fraud, and we have not been pointed to any evidence that he had direct knowledge of the unlawful nature of the funds.

In stark and significant contrast to *Baker*, the evidence known to the defense *sub judice* indicates that the Russos' alleged conduct is <u>multiple</u> steps removed from the initial criminal activities, *i.e.*, the South Carolina fraud. Rather than a *Baker* situation involving deposit of the proceeds of their own criminal activities, the Russos are charged with transactions involving alleged proceeds of criminal activities that were committed by Virgil Womack and his associates, and which then passed through Fred and David Morgenstern, and in turn, John Mamone, prior to receipt by the Russos. Accordingly, since the *Baker* threshold is far from satisfied here, the question of the statute's constitutionality – as applied - is properly raised.

**Actual knowledge**

The *mens rea* element under § 1957 is unconstitutionally vague. See, e.g., *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983)("the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited **and in a manner that does not encourage arbitrary and discriminatory enforcement**")(emphasis added).

Hopefully, the Government will be willing to stipulate that without actual knowledge, Defendant **Doreen** Russo cannot be held accountable for what her husband may have known, and Defendant **Joseph** Russo cannot be held

4

accountable for what lead defendant John Mamone or others may have known. In *United States v. Awan* 966 F.2d 1415 (11th Cir. 1992), the Eleventh Circuit approved the analysis of Judge Marcus in "an analogous case":

> ... in order to be guilty under the statute, a defendant must have knowledge that the currency or monetary instruments derive from illegal activity and that the transportation is designed to avoid a transaction reporting requirement. **This knowledge must be personal to the defendant.** There is no way in which a defendant may be convicted of a substantive violation of the statute based solely upon the intent of another person. Even if someone other than the defendant were to have designed the transportation to avoid a transaction requirement, the defendant still must manifest the intent to accomplish the physical transportation of the currency (emphasis added).

To whatever extent the statute may have been applied in this case to proscribe what the Defendants *should have known*, the statute is impermissibly vague and overbroad. In addressing the constitutionality of closely related 18 U.S.C. § 1956, the Eleventh Circuit stated that "the requirement that the government prove that a defendant **knew** that the proceeds stemmed from felonious activity "do[es] much to destroy any force in the argument that application of the [statute] would be so unfair that it must be held invalid," "especially with regard to the adequacy of notice to the complainant that his conduct is proscribed." *United States v. Awan,* 966 F.2d 1415 (11th Cir. 1992)(citations omitted)(emphasis in original).

In *United States v. Gabriele*, 63 F.3d 61 (1st Cir. 1995), the jury was instructed in a § 1957 prosecution that the "knowledge" element was not met merely by a finding that the defendant "might have known," "should have known," or "could have known". On appeal, the First Circuit held that "the district court

5

instruction in all respects delineated the appropriate 'knowledge' element for application by the jury".

Finally, the points and authorities discussing the inherent dangers of the improper "should have known" standard set forth in the *Defendants' Motion for Production of, or in the Alternative, Judicial Review of Grand Jury Transcripts* are incorporated by reference herein.

**Receipt of funds from person(s) who have both legitimate and unlawful sources of income**

In *United States v. Abbell*, 2001, WL 1379725 (11th Cir.(Fla.), the Eleventh Circuit recently noted that the money laundering statute allows for conviction "where the funds involved in the transaction are derived from [a] commingled account of which only part comes from 'specified unlawful activities'"[1]. However, **as applied to the facts of this case**, the statute is faulty if liability would exist notwithstanding either Defendant's belief that lead defendant Mamone's receipt of the subject funds was **lawful** in nature. See, *i.e.*, *United States v. Loe*, 248 F.3d 449 (5th Cir. 2001)(Where "clean" funds in commingled account exceeded aggregate amount withdrawn from account, government could not prove beyond reasonable doubt that withdrawal contained "dirty" money, as required to support defendants' money laundering convictions), *United States v. Rutgard*, 116 F.3d 1270 (9th Cir. 1997)(Medicare fraud defendant's transfer of funds from a nonsegregated banking account into which he had deposited both lawfully acquired funds and proceeds of his criminal fraud did not subject him to liability under 1957, absent evidence that, following the

---

[1] Quoting *United States v. Cancelliere*, 69 F.3d 1116, 1120 (11th Cir.1995).

transfer, his account balance had dropped below the amount of criminal proceeds deposited in the account; absent some such proof or tracing of funds, transferred funds were not shown to be derived from specified unlawful activity).

**Specific Examples**

The constitutional infirmity - as applied - of § 1957 is well illustrated by reference to the Counts themselves:

For example, Count 53 alleges an offense based upon "Deposit of check payable to Doreen Russo into account of Doreen Russo at First Union National Bank", on October 10, 2000. This check was in the amount of one hundred and forty two thousand dollars ($142,000) and represented a refund by Ritz Carlton, an unquestionably lawful enterprise with lawful assets, of a deposit made on a condominium unit to be purchased by the Russos.

Count 52 alleges an offense based upon deposit of a $30,000 check drawn upon lead defendant Mamone's trucking business, **a purportedly lawful enterprise**. See *Loe* and *Ritgard*, *supra*.

Count 50 charges both Russos with an offense based upon a wire transfer of Chemical Trust funds from Merrill Lynch account titled Check Cashing Unlimited into First Union Bank account in name of Doreen Russo ($100,000). Given our current understanding of the Government's proof, we fail to see how Doreen Russo could constitutionally be held liable for this *actus reas* performed by others without her advance knowledge or approval.

Under these circumstances, it seems clear that § 1957 fails to "define the criminal offense with sufficient definiteness that ordinary people can understand

what conduct is prohibited". See *Kolender v. Lawson, supra*. Relatedly, "**arbitrary and discriminatory enforcement**" is "encouraged". *Id*.

## CONCLUSION

Based upon the points and authorities set forth *supra*, this Honorable Court should dismiss Counts 50-53.

**WHEREFORE**, the Defendant respectfully requests that this Motion be granted and that the Court enter an Order dismissing Counts 50-53.

Respectfully submitted,

| | |
|---|---|
| **JAYNE C. WEINTRAUB, Esq.** | **STEVEN M. POTOLSKY, P.A.** |
| NationsBank Tower, Suite 3550 | NationsBank Tower, Suite 3550 |
| 100 S.E. 2nd Street | 100 S. E. 2nd Street |
| Miami, FL 33131 | Miami, FL  33131 |
| (305) 374-1818 | (305) 530-8090 |

By: _/s/ Steve Pot for_
Jayne C. Weintraub, Esq.
Florida Bar No. 320382

By: _/s/ Steve Pot_
Steven M. Potolsky, Esq.
Florida Bar No. 380601

LAW OFFICES OF STEVEN M. POTOLSKY, P.A., 100 S.E. 2ND STREET, SUITE 3550, MIAMI, FLORIDA • (305) 530-8090

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished by mail this 3 day of ~~November~~ DECEMBER, 2001 to **Brian McCormick, Esq. and Diana Fernandez, Esq., Assistant United States Attorneys,** 500 E. Broward Blvd., Suite 700, Ft. Lauderdale, FL 33394 and all defense counsel on the attached Service List.

By: /s/ Steve Pot
**Steven M. Potolsky, Esq.**