UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,  :  Case No. 00-6309-CR-SEITZ
    Plaintiff,  :
                                      :
vs.  :

DOREEN RUSSO, et al.  :
    Defendants.  :
............................:

## DOREEN RUSSO'S OBJECTION TO
## THE PRESENTENCE INVESTIGATION REPORT

Defendant Doreen Russo, through counsel, respectfully moves this honorable court for an order pursuant to S.D. Fl. L.R. 88.8 (AO-95-02), Rule 32(b)(6)(B), and USSG 6A1.3, p.s. correcting the presentence investigation report. As reasons and grounds, defendant states:

### STATEMENT OF THE CASE

Doreen Russo pleaded guilty to a single count of a superseding information charging accessory after the fact (18 U.S.C. 3) with respect to the money laundering activities of her husband, codefendant Joseph Russo.

Under the plea agreement, the government expressly agreed to recommend that defendant receive a 2 level adjustment for Doreen Russo having a "minor role" in the offense pursuant to USSG 3B1.2(b).

Further, the government agreed to recommend that defendant be sentenced to "three (3) years non-reporting probation."

1

## **GUIDELINES APPLICATION**

Defendant objects to the USPO's failure to recommend a 2 level downward adjustment for minor role in the offense. *See* PSI at p. 21, para. 71. The USPO states that a mitigating role adjustment is not warranted. *Id.* at p. 34, para. 139. However, no reason is given for this subjective conclusion. For the reasons set forth below, it is respectfully submitted that the exercise of the Court's sentencing discretion would best be informed by the conclusion of the government with respect to this matter.

As a mitigating role adjustment, defendant has the burden of proof. United States v. Ryan, ---F.3d---, 2002 WL 832405*8 (11th Cir. May 2, 2002). However, even the Government agrees that a 2 level adjustment for mitigating role is warranted. Plea Agreement at p. 5, para. 12. Under the facts as set forth in the Offense Conduct section of the PSI, it is exceedingly evident that Mrs. Russo's culpability was so significantly lower than her codefendants that a mitigating role adjustment is warranted to rationalize the application of the Guidelines in this case.

Moreover, the discharge of the defendant's burden in this regard is not contradicted by the government.

Unquestionably, the minor role adjustment may be applied — and has been applied — to defendants, like Ms. Russo, convicted of "accessory after

**BLACK, SREBNICK & KORNSPAN, P.A.**, 201 S. BISCAYNE BLVD, SUITE 1300, MIAMI, FL 33131• (305) 371-6421

the fact." *See e.g.,* United States v. Patriarca, 912 F.Supp. 596, 627-28 (D. Mass.) ("This provision plainly contemplates, however, the possibility of an 'abnormal' or extraordinary case in which a reduction for role in the offense would be appropriate."); *see also* United States v. Pompey, 17 F.3d 351, 352-53 (11th Cir. 1994)(Affirming, without specific discussion of 2X3.1, Comment. (n. 2), sentence where the applicable guideline required a cross reference to 2X3.1 to calculate the BOL and a 4 level minimal role adjustment was granted).

Ms. Russo's culpability -- premised on "deliberate ignorance" rather than any "actual knowledge" of criminal activity -- makes her case unusual. The 2 level downward adjustment for mitigating role is therefore warranted.

If the Court concurs with the parties that a 2 level role adjustment is warranted, the total offense level would be 8 which, with a Criminal History Category I, indicates a range of 0-6 months imprisonment.

## **CONCLUSION**

The Court should sustain defendant's single objection to the guideline calculations by granting a 2 level downward adjustment for mitigating role. In view of the stipulated restitution/forfeiture, imposition of a sentence of fine is unwarranted. The Court should find that the Total Offense Level is 8, CHC I, indicating a range of 0-8 months imprisonment. As such the Court should

3

impose sentence at the lowest end of the applicable guideline range, 0 months imprisonment (the government recommends 3 years non-reporting probation).

Respectfully submitted,

BLACK, SREBNICK & KORNSPAN, P.A.
201 South Biscayne Boulevard, Suite 1300
Miami, Florida 33131
(305) 371-6421; Fax: (305) 358-2006

By: *[signature]*
HOWARD M. SREBNICK, ESQ
Florida Bar Number 919063
Attorney for Doreen Russo

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on _MAY 8_, 2002 a true and correct copy of the foregoing was furnished by mail to:

Brian McCormick, Esq.
Assistant United States Attorney
500 E. Broward Blvd. 7th Floor
Ft. Lauderdale, FL 33394-3002

Jayne Weintraub, Esq.
100 S.E. 2nd Street
Suite 3550
Miami, Florida 33131

Lynette Fohie, Probation Officer
U.S. District Courthouse
300 N. E. First Avenue, 3rd Floor
Miami, Florida 33128

By: *[signature]*
HOWARD M. SREBNICK, ESQ.
Attorney for Doreen Russo