UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

UNITED STATES OF AMERICA,        :        CASE NO.: 00-6309-CR-SIETZ
    Plaintiff/Respondent,        :
                                :
vs.        :
                                :
DOREEN RUSSO,        :
    Defendant/Movant.        :
.......................................:

**DEFENDANT DOREEN RUSSO'S MOTION FOR EARLY
TERMINATION OF PROBATION AND
<u>MEMORANDUM OF LAW IN SUPPORT THEREOF</u>**

COMES NOW, the Defendant, DOREEN RUSSO, in the above entitled numbered cause who files this, her MOTION FOR EARLY TERMINATION OF PROBATION, and in support thereof states the following:

I.    <u>**INTRODUCTION.**</u>

In 2000, the government charged DOREEN RUSSO ("Ms. Russo" or "Defendant") in a one-count Superceding Information with aiding, after the fact, her husband, JOSEPH RUSSO to hinder and prevent his apprehension, trial, and punishment regarding his activities in money transactions involving the proceeds specified unlawful activity, in violation of Title 18, United States Code, Section 1957.

The basis of the criminal charges was that on January 12, 2000, JOHN MAMONE ("Mr. Mamone"), a co-defendant in the instant case, had wire

transferred $100,000.00 to the financial account of Ms. Russo, and on April 10, 2000, Mr. Mamone sent a check to Ms. Russo in the amount of $30,000.00 which she then deposited into her account. Ms. Russo then issued a check from her account to the ex-wife of an incarcerated inmate in the amount of $100,000.00. *PLEA HEARING TRANSCRIPTS, dated March 8, 2002, p.16, lines 1-6.*

On March 8, 2002, Ms. Russo entered her guilty plea pursuant to a written plea agreement before this Court. At the plea hearing, the parties agreed that although Ms. Russo was unaware or lacked any knowledge of the origin of the proceeds being sent into her account, she nonetheless conducted herself in a manner which was described as *"deliberate and willful ignorance"* with respect to the proceeds aforementioned.

On July 31, 2002, this Court held a hearing for the purpose of imposing Ms. Russo's punishment. After hearing from opposing counsel and Ms. Russo, this Court imposed a 3 year probationary sentence. This Court also ordered Ms. Russo to pay a fine in the amount of $10,000.00 and restitution in the amount of $130,000.00. With regard to the term of the probationary sentence, this Court informed Ms. Russo that after she completed 2 years of the probationary sentence, the Court would entertain early termination of the probationary sentence. (D.E. #1107, attached)

Following the imposition of the criminal sentence in this case, Ms. Russo's parents became ill and required her day-to-day assistance and care. Further, Ms. Russo has taken on the responsibility of seven of the eight grandchildren she has due to changed circumstances in the minor childrens' immediate family. As a result, without objection, Ms. Russo relocated to Orlando, Florida, the Middle District of Florida where her grandchildren reside and near her husband, JOSEPH RUSSO, who is confined at a federal correctional institution located in Coleman, Florida.

Further, during Ms. Russo's probationary period, she has served in excess of 300-hours of community service to a non-profit organization known as HUMAN SERVICES COALITION OF DADE COUNTY ("HSC"). This particular organization works to empower individuals and communities to create a more just society by promoting civic engagement, economic fairness and access to health and human services. Additional information about HSC can be gleaned from its internet website @ www.hscdade.org.

In light of the changed circumstances in Ms. Russo's life, she now moves this Court for an order terminating her probationary sentence pursuant to Title 18 U.S.C. § 3564(c). Ms. Russo respectfully submits that this Court should terminate her probationary sentence in the interest of justice and the unique circumstances

3

Black, Srebnick, Kornspan & Stumpf
201 S. Biscayne Boulevard, Suite 1300 • Miami, Florida 33131 • Phone: 305-371-6421 • Fax: 305-358-2006 • www.RoyBlack.com

centering around Ms. Russo. The government objects to this motion.

## II.    LEGAL DISCUSSION.

"18 U.S.C. § 3564 provides for early termination of a sentence of probation[.]" *United States v. Hazelton*, 279 F.Supp.2d 710, 715 n.3 (E.D.Va. 2003). "There is a general agreement that the early termination of probation is a decision entrusted to the sound discretion of the District Court and is warranted only in cases where the defendant demonstrates changed circumstances, such as exceptional good behavior." *United States v. Caruso*, 241 F.Supp.2d 466, 468 (D.N.J. 2003) (citing *United States v. Atkin*, 38 Fed. Appx. 196, 2002 WL 378076 (6th Cir. 2002) (unpublished) and *United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997)).

Section 3564(c) provides:

> **Early Termination** -- The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year probation in the case of a felony, *if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice* (emphasis added).

Ms. Russo has diligently adhered to the conditions of probation set forth by

4

Black, Srebnick, Kornspan & Stumpf
201 S. Biscayne Boulevard, Suite 1300 • Miami, Florida 33131 • Phone: 305-371-6421 • Fax: 305-358-2006 • www.RoyBlack.com

this Court. She has paid the court-ordered fine and restitution, and complied with each and every directive from the U.S. Probation Department as well as this Court.

Further, as discussed above, Ms. Russo has performed in excess of 300-hours of community service at HSC. She has done more than simply adhere to the conditions of her probation.

Presently, Ms. Russo's parents, who are advanced in age, are very ill and require her assistance and attention on a regular basis. Additionally, Ms. Russo is now burdened with the responsibility of caring for her grandchildren, who are all of minor age, in light of the changed circumstances in the minor children's lives and family environment. Ms. Russo is currently 56-years old and has maintained a total and complete respect for the law and her community.

Given the enormous amount of time needed to care for her parents, her five (five) grandchildren, and the changed circumstances in Ms. Russo's life and new obligations flowing therefrom following the imposition of the probationary sentence in this case, Ms. Russo respectfully submits that this Court should terminate her probationary sentence early and at this point in time, so that she can freely travel to attend to her family matters.

"Having considered the factors set forth in 18 U.S.C. § 3564(c), specifically, the "nature and circumstances of the offense," "the seriousness of the offense,"

5

Black, Srebnick, Kornspan & Stumpf
201 S. Biscayne Boulevard, Suite 1300 • Miami, Florida 33131 • Phone: 305-371-6421 • Fax: 305-358-2006 • www.RoyBlack.com

"the goal of promoting respect for the law," "providing just punishment for the offense," and "to afford adequate deterrence to criminal conduct," Caruso, 241 F.Supp.2d at 469, Ms. Russo requests this Court to terminate her probationary sentence and permit her to move forward – it appears she has paid the price due society in this case.

## CONCLUSION

WHEREFORE, the Defendant DOREEN RUSSO requests this Court to grant the instant motion for early termination of probation based on the forgoing facts and law; and enter an order granting same, and terminating probation. Ms. Russo also requests other and further relief this Court deems proper and just.

Respectfully submitted,

**BLACK, SREBNICK, KORNSPAN STUMPF, P.A.**
201 South Biscayne Boulevard, Suite 1300
Miami, Florida 33131
(305) 371-6421　　fax (305) 358-2006
E-mail: Srebnick@RoyBlack.com

By: _____
**HOWARD M. SREBNICK, ESQ**
Florida Bar Number 919063
Counsel for Doreen Russo

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 5th day of November, 2004 a true and correct copy of the foregoing was furnished by fax and mail to:

Brian McCormick, Esq.
Diana Fernandez, Esq.
Assistant United States Attorneys
500 East Broward Boulevard
7th Floor
Fort Lauderdale, Florida 33394-3002

Jayne Weintraub, Esq.
100 S.E. 2nd Street, Suite 3550
Miami, Florida 33131
counsel for co-defendant Joseph Russo

By: _____
**HOWARD M. SREBNICK, ESQ.**
Attorney for Doreen Russo

7

Black, Srebnick, Kornspan & Stumpf
201 S. Biscayne Boulevard, Suite 1300 • Miami, Florida 33131 • Phone: 305-371-6421 • Fax: 305-358-2006 • www.RoyBlack.com

CRIMINAL SENTENCING MINUTES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

THE HONORABLE PATRICIA A. SEITZ

---

Case No. 00-6309-Cr    Date 7/31/03
Clerk L. Webb    Reporter D Ehrlich
USPO L. Fahie    Interpreter No
USPTS _____

AUSA McCormick/Fernandez    Def. Atty. H Srebnick

United States of America v. Doreen Russo

Defendant(s): Present X    Not Present ___    In Custody No
Sentence Probation 3 years as to Count 1
Supervised Release _____
Special Conditions of SR ① financial disclosure ② 300 hours Comm Serv. ③ after 2 yr will consider early term.

Fine $ 10,000.00 in instl.    Special Assessment $ 100.00
Advised of right to appeal Yes
Recommendations to BOP _____

Misc. Rest $130,000.00 J+S - payment has been made